The opinion of the court was delivered by
Spencer, J.
Defendants being sued in the Fifth District Court of *338 the parish of Orleans, excepted to the jurisdiction thereof on the ground of domicile in the parish of St. Bernard. They live within the territory lying between the-'-Fishermen’s Canal,” the United States Barracks, and " Florida Walk,” which by act No. 23 of 1875 was taken from the parish of Orleans and added to that of St. Bernard.
Plaintiff claimed and the court held this act to be unconstitutional, in so far as it added said territory to St. Bernard, for the reason that the title of the act did not sufficiently indicate its purpose.
The title of that act is “to change the boundary of the parish of St. Bernard.”
The courts in this and other States whore similar constitutional provisions exist have always construed them liberally, to avoid the consequences of a too rigid interpretation. Laws enacted by the Legislature are not to be declared void by the courts unless clearly and manifestly unconstitutional. Cooley’s Constitutional Limit, p. 146 ; 6 A. 608 ; 20 A. 198.
The rule is well stated by Mr. Pomeroy in his notes to the second edition of Sedgwick on Statutory and Constitutional Law, p. 520. “The title should fairly indicate the general subject of the statute, but need not give an abstract of its contents; nor need it mention the means, methods, or instruments by tohich this general purpose is to be accomplished; nor need it express matters which are merely incidental to this subject.”
■A change in the boundary of St. Bernard necessarily implied a change in the boundaries of one or more contiguous parishes. It was not necessary to set forth in “ the title ” of the act the means by which this purpose, this change, was to be accomplished. We think the general purpose expressed in the title, of changing the boundaries of St. Bernard, is generic, and that the extension of the boundary so as to include the territory in question is germain to that purpose.
The rule is that whatever is germain or incidental to purpose expressed in the title is embraced within it.
This is the spirit of our own adjudications. N. O. vs. Cazelar, 27 A. 156 ; N. O. vs. Bright, 28 A. 873 ; 28 A. 38.
The fact that the act in question is inconsistent with and repeals by necessary implication act No. 7 of extra session of 1870, extending and fixing the boundaries of the parish of Orleans, is no reason for holding the former unconstitutional. The last expression of legislative will repeals all laws in conflict with it, whether this intent be expressed in the title or body of the act or not expressed in either.
The judgment is reversed, defendants’ exception maintained, and plaintiff’s suit dismissed as of nonsuit at his costs.